IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**GERALD L. ROSS**                                                                    **PETITIONER**

versus                                          **CIVIL ACTION NO. 5:09cv97-DCB-MTP**

**RON KING**                                                                        **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Motion to Dismiss for Failure to Exhaust [11] filed by Respondent. Having considered the submissions of the parties, the entire record in this matter, and the applicable law, the undersigned is of the opinion that the motion should be granted and that Petitioner's Petition for Writ of Habeas Corpus [1] should be dismissed without prejudice.

FACTUAL BACKGROUND

*Pro se* petitioner Gerald L. Ross pled guilty to robbery in the Circuit Court of Adams County, Mississippi and on August 4, 1997, was sentenced to serve a term of ten (10) years in the custody of the Mississippi Department of Corrections ("MDOC"), with the last seven (7) years of his sentence to be served on post-release supervision. *See* Ex. A to Motion [11-2]. Thereafter, Petitioner was arrested for violating his probation, and on March 16, 2009, his probation was revoked for absconding supervision. *See* Ex. B to Motion [11-2]. As a result, Petitioner was ordered to serve the remaining seven (7) years of his original term. *Id.*

On June 2, 2009, Petitioner filed a request with the Administrative Remedy Program ("ARP") of the MDOC, complaining that he had not been awarded "meritorious earned time" ("MET"), apparently earned during his incarceration for robbery prior to his supervised release, to which he claims he is entitled. *See* Ex. C to Motion [11-2]. On July 15, 2009, Officer Gloria Gibbs signed the first step response form, informing Petitioner that the records office was not

responsible for submitting MET. *See* Ex. D to Motion [11-2]. Petitioner filed a second step request,[1] and Superintendent Lawrence Kelly signed the second step response on August 31, 2009, advising Petitioner he would not be awarded the MET he was requesting because it was from a previous incarceration. *See* Ex. F to Motion [11-2]. On September 21, 2009, Petitioner filed a third step request with the ARP. *See* Ex. G to Motion [11-2]. However, there is no evidence that Petitioner received a third step response from the ARP or a certificate indicating that he has successfully completed all three (3) steps of the ARP process.

Petitioner filed the instant federal habeas petition on June 15, 2009, claiming that he is entitled to certain MET.[2] *See* Petition [1]. The Respondent has moved to dismiss the instant petition based on Petitioner's failure to exhaust. Petitioner did not respond to the motion despite an Order [12] from the court directing him to do so.

## ANALYSIS

As Petitioner's habeas petition was filed after the effective date of The Antiterrorism and Effective Death Penalty Act ("AEDPA"), the AEDPA and case law interpreting it provide the standards under which the petition must be evaluated. *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003). As an initial matter, exhaustion of state remedies is a mandatory prerequisite to federal habeas relief under 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that–
>     (A) the applicant has exhausted the remedies available in the courts of the

---

[1] As noted by Respondent, the second step request attached to his Motion is illegible. *See* Ex. E to Motion [11-2].

[2] Although not raised in his Petition [1], in his Response [7], Petitioner asks the court to amend his petition to include "his being held contrary to international treaty as as (sic) jus cogens claim of arbitrary confinement." Response [7] at 2. This ground or theory is unexhausted and appears to be inapplicable to this matter. *See infra*, footnotes 6 and 10.

2

>   State; or
>
>   (B)(i) there is an absence of available State corrective process; or
>       (ii) circumstances exist that render such process ineffective to protect
>            the rights of the applicant.
>   . . . .
>   (c) An applicant shall not be deemed to have exhausted the remedies available in
>   the courts of the State, within the meaning of this section, if he has the right under
>   the law of the State to raise, by any available procedure, the question presented.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Appellants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *see also Gatlin v. MDOC Records Dep't*, No. 5:07-cv-154-DCB-MTP, 2007 WL 2712070, at *1–2 (S.D. Miss. Sept. 14, 2007) (stating that plaintiff was required to exhaust his available state remedies before pursuing claim that defendants refused to correct his meritorious earned time and his trusty time through habeas corpus in federal court). To satisfy the exhaustion requirement, a federal habeas applicant must generally present his claims to the state's highest court in a procedurally proper manner, and provide the state's highest court with a fair opportunity to pass on the claims. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); *Carter v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982). Only after the Mississippi Supreme Court has been provided with a fair opportunity to review a petitioner's claims in a procedurally proper manner can he be said to have satisfied the exhaustion requirement.

The court agrees with Respondent that Petitioner's claim that he is entitled to certain MET is unexhausted.[3] Specifically, Respondent correctly notes that Petitioner has not completed

---

[3] *See Green v. Sparkman*, 829 So. 2d 1290, 1291 (Miss. Ct. App. 2002) (citing Miss. Code Ann. § 47-5-142 (Rev. 2000) ("The awarding of meritorious earned time is within the discretion of the MDOC officials.").

the third step of the ARP.[4]  Once Petitioner has successfully completed the ARP process, if he is

unsatisfied with the result, he may appeal the ARP's decision to the appropriate circuit court (in

the county where he is incarcerated)[5] and, ultimately, the Mississippi Supreme Court.  *See* Ms.

Code Ann. § 47-5-807 ("Any offender who is aggrieved by an adverse decision rendered

pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may,

within thirty (30) days after receipt of the agency's final decision, seek judicial review of the

decision."); *see also Bradley v. Byrd*, No. 1:08CV1440HSO-JMR, 2009 WL 2606241, at *3

(S.D. Miss. Aug. 19, 2009) (holding that petitioner failed to submit his claim that he was entitled

to earned time credit before the Mississippi Supreme Court and therefore failed to exhaust his

available state court remedies); *Davis v. Caskey*, No. 1:07cv1253-LG-RHW, 2008 WL 5117547,

at *2 (S.D. Miss. Nov. 20, 2008) (stating that because petitioner "failed to fulfill his

administrative remedies and did not seek review of [his claim that the MDOC failed to give him

credit for time served] in state court, he has failed to exhaust his state remedies and is therefore

procedurally barred from pursuing his claim in federal court").  However, Petitioner has not yet

done so, and thus, he has not "give[n] the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review

process." *O'Sullivan,* 526 U.S. at 845; *see also* 28 U.S.C.§ 2254(c) (stating that an applicant

---

[4]The court also notes that Petitioner never filed a motion for post-conviction relief on this issue in state court.  However, it appears that the Mississippi appellate courts would not construe Petitioner's request for relief as a motion for post-conviction relief.  *See Horton v. Epps*, 966 So. 2d 839, 841 (Miss. Ct. App. 2007) (stating that "[p]ost-conviction matters address issues related to the prisoner's conviction that were not addressed at the time of judgment[;]" and that Horton did "not take issue with his conviction or sentence, merely whether he is entitled to trusty earned time") (internal citations omitted); *Green v. Sparkman*, 829 So. 2d 1290, 1291 (Miss. Ct. App. 2002) (stating that Green's claim that he was entitled to meritorious earned time does not fall under Mississippi's post-conviction relief statute, Miss. Code Ann. § 99-39-5, and should not be classified as a post-conviction relief matter).

[5]*See Horton v. Epps*, 966 So. 2d 839, 841 (Miss. Ct. App. 2007).

"shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented").[6]

As stated above, Petitioner did not respond to Respondent's Motion [11], despite an Order [12] from the court directing him to do so. However, the court notes that in his Response [7], he states that he never timely received a third step ARP response form. However, this does not excuse him from exhausting his state court remedies. The MDOC Inmate Handbook provides, "Absent . . . an extension, expiration of response time limits without receipt of a written response shall entitle the inmate to move on to the next step in the process." Inmate Handbook, Ch. IX (A);[7] *see also Taylor v. Burns*, No. 4:08CV036-A-S, 2009 WL 1515015, at *3 (N.D. Miss. May 29, 2009) (holding that plaintiff's arguments that the prison "mishandled his grievance in contradiction of MDOC policy" and failed to timely respond to his second step did not excuse his failure to complete all three steps of the ARP).[8] Once Petitioner has properly exhausted his state court remedies, he may return to this court with a new, timely habeas petition.[9]

---

[6]As previously stated, in his Response [7] Petitioner asks the court to amend his petition to include "his being held contrary to international treaty as as (sic) jus cogens claim of arbitrary confinement." Response [7] at 2. This claim is also unexhausted and not properly before the court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (holding that the prisoner must exhaust his remedies in state court before a federal court may grant habeas relief to a state prisoner).

[7]*See* http://www.mdoc.state.ms.us/Inmate%20Handbook.htm.

[8]As discussed above, the next step would be to appeal the ARP's decision to the appropriate circuit court, and ultimately the Mississippi Supreme Court.

[9]Petitioner is advised that the federal habeas corpus statute contains a one-year statute of limitations, which requires him to file his habeas petition within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see also Golden v. Epps*, No.

While courts have discretion under certain limited circumstances to hold a habeas petition in abeyance while a petitioner exhausts his state court remedies, a stay is not appropriate unless there is good cause shown for the failure to exhaust, the "unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner has made no showing of good cause for his failure to exhaust his state court remedies; indeed, he did not even respond to Respondent's Motion. Moreover, it appears his unexhausted claims may be without merit.[10] Accordingly, a stay is inappropriate under the three-part test articulated in *Rhines*.

RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Respondent's Motion to Dismiss for Failure to Exhaust [11] should be granted and that Petitioner's Petition for

---

3:07CV126-M-A, 2008 WL 3539739, at *2 (N.D. Miss. Aug. 11, 2008) (utilizing the date on which petitioner filed the grievance challenging the taking of his earned time as the latest possible start date for calculating the federal habeas corpus limitations period under 28 U.S.C. § 2244(d)(1)(D) and holding that the one-year time limit is tolled for the pendency of the grievance process); *Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002) (holding that the timely pendency of prison grievance procedures tolls the one-year period under Section 2244(d)). The court strongly cautions Petitioner to be diligent in exhausting his state court remedies.

[10]*See, e.g., Bradley v. Byrd*, No. 1:08CV1440HSO-JMR, 2009 WL 2606241, at *2 (S.D. Miss. Aug. 19, 2009) (dismissing petitioner's Section 2254 petition for failure to state a claim and failure to exhaust, reasoning that the "decision whether to award earned time to offenders is left to the discretion of the prison officials, and therefore, the statute affords a prisoner no constitutionally recognized liberty interest"); *Ross v. State*, 584 So. 2d 777, 780 (Miss. 1991) (rejecting inmate's contention that the failure to award him meritorious earned time was violative of his federal and state constitutional rights).

To the extent Petitioner alleges a jus cogens claim, it appears such a claim is inapplicable here. *See Gisbert v. U.S. Atty. Gen.*, 988 F.2d 1437, 1448 n.22 (5th Cir. 1993) ("Jus cogens describes peremptory norms of law which are nonderogable and form the highest level of international law.").

Writ of Habeas Corpus [1] should be dismissed without prejudice to his right to timely re-file the Petition, upon exhaustion of his state court remedies. Further, Petitioner should be advised that this recommendation in no way extends the applicable statute of limitations for the filing of a habeas petition, nor is the court expressing an opinion on the merits of any relief Petitioner may seek in such a petition.[11]

## NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 18th day of February, 2010.

s/Michael T. Parker
United States Magistrate Judge

---

[11]*See supra*, footnote 10.